### STATE v. HUDY DORSETT ET AL.

(Filed 2 November, 1921.)

**Criminal Law — Robbery— Felonious Assault—Evidence—Trials—Questions for Jury.**

Under the conflicting evidence in this case and upon a trial free from prejudicial error, the verdict and judgment are upheld on appeal, finding the three defendants guilty of robbing the prosecuting witness and his wife at their home, and one of them also guilty of a criminal assault on him with a pistol.

APPEAL by defendant from *Long, J.,* at August Term, 1921, of ROCKINGHAM.

Criminal prosecution tried upon an indictment charging all three of the defendants with robbery, and the defendant, Coford, with a felonious assault.

On Sunday night, 6 June, 1921, F. H. Finney, an elderly man, was called from his home by the defendant, Coford, and another man in company with him. Just as the prosecuting witness opened the front door, the two men grabbed him and jerked him out into the yard. They both had pistols. Finney testified: "The unknown man went into the house while Coford held me at the door. While they were robbing my wife, just about the time they got through and the shooting was over, a car came up to my hog pen just below the house and these two men, Coford and the unknown man, went down, got in it and left. I didn't know who

the men in the car were. I didn't see them, just heard them talking. They took $13.00 from me and $35.00 from my wife. I was shot in the leg, had to go to the hospital, have my leg split to the bone and the ball taken out. When the men started to the car they gave me back $3.00 and my knife."

There was much evidence pro and con as to whether Coford was the real assailant and as to whether Dorsett and Kirkman were present, aiding, abetting, and assisting in the perpetration of the crime.

The defendants denied having anything to do with the affair; and upon their evidence, if believed, the jury undoubtedly would have returned a verdict of acquittal.

The three defendants were convicted of robbery and the defendant, Coford, was also found guilty of an assault with a deadly weapon.

From a judgment of two years imprisonment, with assignment to work upon the public roads, the defendants appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*J. M. Sharp and Glidewell & Mayberry for defendants.*

STACY, J. The record discloses a serious and aggravated breach of the criminal law. The prosecuting witness was called from his home in the night-time, assaulted, robbed, and shot. There was ample evidence, offered by the State tending to show that the defendants were the guilty parties. On the other hand, there was much evidence offered by the defendants, in support of their defense, which tended to establish their innocence. But upon the controverted questions of fact, and the ultimate issue of guilt, the verdict of the jury was adverse to the appellants.

There are a number of exceptions appearing on the record, relating to the admission and exclusion of evidence and to his Honor's charge, but we have failed to discover any prejudicial or reversible error. The case apparently has been tried in substantial conformity to our decisions on the subject; and, after a careful consideration of all the material questions presented, we find no error, and this will be certified to the Superior Court.

No error.